UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Maria Miller,<br><br>       Plaintiff,<br><br>   -v-<br><br>State Farm Fire and Casualty Insurance Company,<br><br>       Defendant. | 2:23-cv-6182<br>(NJC) (AYS) |

## MEMORANDUM AND ORDER

NUSRAT J. CHOUDHURY, United States District Judge:

Plaintiff Maria Miller ("Miller") invokes this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) over state-law claims against Defendant State Farm Fire and Casualty Insurance Company ("State Farm"). (*See* Am. Compl., ECF No. 12.) On December 26, 2024, this Court issued an Order to Show Cause ("Order") requiring Miller to show why this action should not be dismissed for lack of subject matter jurisdiction by January 9, 2025. (Order Show Cause, Elec. Order, Dec. 26, 2024.) On January 6, 2025, Miller filed a motion for an extension of time to respond to the Court's Order. (ECF No. 21.) On January 7, 2025, the Court granted Miller's motion and extended the response deadline to January 23, 2025. (Elec. Order, Jan. 7, 2024.) On January 23, 2025, Miller filed an untimely second motion for an extension of time to file a response to the Court's Order. (ECF No. 22; *see also* Individual Rule 1.7.3 ("Absent an emergency, requests . . . to extend filing deadlines shall be made at least three (3) business days prior to the scheduled dates.").)

The Court has reviewed the entire record, including but not limited to Miller's Complaint (ECF No. 1), Miller's Amended Complaint (ECF No. 12), State Farm's Answer to the Amended

Complaint (ECF No. 13), and Miller's second motion for an extension of time to file a response to the Court's Order (ECF No. 22). Miller has failed to establish that this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

## LEGAL STANDARDS

"It is a fundamental precept that federal courts are courts of limited jurisdiction and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616–17 (2d Cir. 2019) (quotation marks and citations omitted). As the Second Circuit has recognized, "[p]erhaps the most important limit is subject-matter jurisdiction, which defines a court's competence to adjudicate a particular category of cases." *Id.* (quotation marks and citations omitted). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Id.* at 617–18 (quotation marks omitted).

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a district court lacks subject matter jurisdiction, it must dismiss the action. *See Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 120–21 (2d Cir. 2024); Fed. R. Civ. P. 12(h)(3). In order to establish diversity jurisdiction under 28 U.S.C. § 1332(a), the party asserting jurisdiction must establish that there is complete diversity among the plaintiffs and defendants and that the amount in controversy exceeds $75,000. *Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020) (citing 28 U.S.C. § 1332(a)).

## DISCUSSION

Miller has failed to establish her own citizenship for the purpose of diversity jurisdiction, and therefore has failed to establish that there is complete diversity of citizenship between the parties as required for jurisdiction under 28 U.S.C. § 1332(a). *See Tagger*, 951 F.3d at 126.[1]

"An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019). It is well-established that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity jurisdiction."). "For purposes of diversity jurisdiction, the relevant domicile is the parties' domicile at the time the complaint was filed." *Van Buskirk*, 935 F.3d at 53 (citing *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002)).

Both the Complaint and Amended Complaint allege that Miller "is a resident of Nassau County, NY and resides at 932 Newton Ave., North Baldwin, NY 11510." (Compl. ¶ 1; Am.

---

[1] As set forth in the Order, Defendant State Farm is a citizen of Illinois because State Farm admitted in its Answer to the Amended Complaint that it "is a foreign corporation incorporated in the state of Illinois with its principal place of business located at One State Farm Plaza, Bloomington, IL 61710." (Order Show Cause, Dec. 26, 2025; Answer Am. Compl. ¶ 2.) The Order also found that Miller has established that the amount in controversy exceeds the $75,000 requirement set forth in 28 U.S.C. § 1332(a) by alleging in the Amended Complaint that there are no "less than $192,878.38" in damages stemming from the State Farm's alleged failure to indemnify Miller under an insurance policy. (Order Show Cause, Dec. 26, 2025; Am. Compl. ¶ 31.)

3

Compl. ¶ 1.) As stated in the Order, allegations of residence are insufficient to demonstrate Miller's domicile, and therefore fail to establish that Miller is a citizen of New York for diversity jurisdiction purposes. Order Show Cause; *see also Van Buskirk*, 935 F.3d at 53.

Miller's counsel represents that while he and his law firm understood that "Plaintiff had been a domiciliary of New York at the time this action was filed," on January 23, 2025, Miller "is unsure of which exact date [she] moved to Poland and that it is possible [she] may have moved prior to filing suit." (ECF No. 22 at 1.) Thus, the record does not establish whether Miller's domicile was New York or Poland at "the time the complaint was filed." *See Van Buskirk*, 935 F.3d at 53. Without evidence showing Miller's domicile, this Court cannot conclude that it has subject matter jurisdiction under 28 U.S.C. § 1332(a). For example, in the event that Miller is a U.S. citizen domiciled in Poland at the time the Complaint was filed, Miller would be considered "stateless" under 28 U.S.C. § 1332(a), which would break the complete diversity of the parties needed for this Court to exercise subject matter jurisdiction over the action. *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 828 (1989).

Miller acknowledges that her second motion for an extension of time to file a response to the Court's Order is untimely, but requests a second extension of time to do further research on the basis that counsel became aware of "this new information" concerning the timing of Miller's move to Poland on January 23, 2025—the extended deadline provided by the Court to respond to the Court's December 26, 2024 Order. (ECF No. 22 at 2.) As the party invoking federal jurisdiction, Miller "bears the burden of establishing jurisdiction." *Platinum-Montaur Life Scis., LLC*, 943 F.3d at 617–18. It was Miller's responsibility to know and accurately represent her domicile and to show that the parties were completely diverse *prior to* filing the Complaint on August 16, 2023, which invoked this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).

4

Miller has had more than one month to respond to the Court's Order requiring her to show why this action should not be dismissed for lack of subject matter jurisdiction and has failed to demonstrate good cause for her untimely motion for a second extension of time to respond to this Court's Order. Miller's second motion for an extension of time to file a response to the Court's Order (ECF No. 22) is therefore denied.

As addressed above, Miller has not provided the Court with any additional evidence to indicate her domicile at the time the Complaint was filed, and has therefore failed to establish her citizenship and to show that there is complete diversity of the parties as required for this Court to exercise jurisdiction under 28 U.S.C. § 1332(a).

## CONCLUSION

Miller's second motion for an extension of time to file a response to the Court's Order (ECF No. 22) is denied. Miller has also failed to establish that the parties to this action are completely diverse, as is required for jurisdiction under 28 U.S.C. § 1332(a). This action is therefore dismissed without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3), Fed. R. Civ. P. The Clerk of Court shall enter judgment and close this case.

Dated: Central Islip, New York
       January 28, 2025

                                                 /s/ Nusrat J. Choudhury
                                                 NUSRAT J. CHOUDHURY
                                                 United States District Judge